ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| WILSON PADILLA MORALES, ET ALS<br><br>Peticionarios<br><br>V.<br><br>THE HUMANE SOCIETY OF PUERTO RICO INC., ET ALS<br><br>Recurridos | KLCE202401330 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2018CV03961<br><br>Sobre: Responsabilidad Civil Extracontractual; Artículo 1802 & 1803 Código Civil de P.R., 31 LPRA §§ 5141, 5142 (2018) |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Ronda Del Toro y la Jueza Díaz Rivera

**Ronda Del Toro, Juez Ponente**

# RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de enero de 2025.

Comparece ante nos Wilson Padilla Morales, Waleska Martínez Centeno, y la Sociedad Legal de Bienes Gananciales compuesta por amos (en adelante, parte peticionaria), mediante recurso de "*Certiorari*", presentado el 9 de diciembre de 2024. La parte peticionaria nos solicita que revoquemos la *Resolución* emitida el 17 de noviembre de 2024 y notificada el 18 de noviembre siguiente, por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI). Mediante dicha *Orden*, el TPI declaró *No Ha Lugar* la *Moción en Solicitud de Inhibición y Traslado* presentada por la parte peticionaria, el 3 de octubre de 2024.

Por los fundamentos que exponemos a continuación, *denegamos* el recurso ante nuestra consideración.

**I.**

El 4 de noviembre de 2018, la parte peticionaria presentó una *Demanda* sobre responsabilidad civil extracontractual en contra de The Humane Society of Puerto Rico, Inc., la señora Leisha Swayne, y Christian Serrano Agosto (en adelante, parte recurrida). En esta, alegó haber sido sometida de forma torticera a un procedimiento criminal, donde se le acusó incorrectamente de abandono, por entregar un perro en las facilidades de la parte recurrida. Por tanto, solicitó compensación en concepto de daños y perjuicios, y el pago de costas, gastos y honorarios de abogados.

Así las cosas, el 23 de mayo de 2019, la parte peticionaria presentó una *Moción Anunciando Representación Legal*, y notificó al TPI que el Lcdo. Wilson Padilla Morales (en adelante, Lcdo. Padilla) y la Lcda. Waleska Martínez Centeno, se unirían a la representación legal en el caso de autos, a pesar ser partes en el caso de epígrafe. Ese mismo día, el TPI emitió una *Orden* y autorizó al Lcdo. Padilla a comparecer al caso como abogado.

Tras varios incidentes procesales, el 4 de junio de 2024, se celebró una vista ante la Hon. Teresita Mercado Fernández (en adelante, Jueza Mercado).

El 25 de junio de 2024, la parte peticionaria presentó una *Moción en Solicitud de Inhibición y Traslado*. Mediante esta, solicitó la recusación (ver Regla 63 de la de Procedimiento Civil) de la Jueza Mercado y el traslado del caso de epígrafe a otra jurisdicción, en aras de evitar la apariencia de imparcialidad. Indicó que la Jueza Mercado presidía el caso de epígrafe, al igual que el caso con el alfanumérico BY2023CV02639, y que el Lcdo. Padilla era abogado en ambos casos. Fundamentó su petitorio en una *Orden* del segundo caso mencionado, donde la Jueza Mercado

desestimó el pleito, sin perjuicio. Alegó que dicha *Orden* violó las Reglas de Procedimiento Civil y la dignidad y honra del Lcdo. Padilla. En específico, la parte peticionaria sostuvo que la Jueza Mercado le tildó de irresponsable e incapaz, dentro del ministerio de sus funciones legales, mediante las siguientes expresiones en la referida *Orden*:

> "Enterado. **El tribunal conoce que el Lcdo. Padilla está atravesando por unos quebrantos de salud.** Sin embargo, es quien tiene la obligación de mover su caso y evitar las dilaciones innecesarias. **Por ello, y del tribunal entender que en estos momentos el Lcdo. Padilla no puede continuar brindando una representación adecuada, desestimará sin perjuicio.** Se le apercibe al Lcdo. Padilla que considere buscar co-representación legal para que le ayude en la tramitación del caso. Se le ordena notificar el curso a seguir en el término de 10 días."
> Énfasis Nuestro.

En su petitorio, la parte peticionaria arguyó que el TPI abusó de su discreción al aludir que el Lcdo. Padilla estuviese atravesando por quebrantos de salud, a pesar de que dicho hecho fue informado por él mismo. A su vez, indicó que la Jueza Mercado le faltó el respeto en la vista del 4 de junio de 2024, al mandarle a callar y no permitirle dirigirse al TPI, cuando este intentaba informarle que se encontraba recibiendo servicios de salud en la sala de espera de un hospital. Además, cuestionó el hecho de que la Jueza Mercado emitió la referida *Orden*, sin darle un término al abogado suscribiente para que explicara o presentara evidencia de las alegaciones de los demandados. Por tanto, solicitó la recusación (erróneamente insiste en llamarle solicitar inhibición, cuando ello es el acto del propio juez o jueza) de la Jueza Mercado y el traslado del pleito.

Luego de los trámites procesales correspondientes, el 17 de septiembre de 2024, el TPI emitió una *Resolución*, notificada el 18 de septiembre siguiente. En esta, declaró *Sin Lugar* la *Moción en*

*Solicitud de Inhibición y Traslado*. Sostuvo que las alegaciones hechas por la parte peticionaria constituían meras especulaciones, infundadas en actos detallados, extrajudiciales, que ni siquiera pudieran asemejarse a una sospecha de parcialidad por la Jueza Mercado. Determinó que no existía ápice de fundamento específico y concreto para colegir que la Jueza Mercado poseía una mente parcializada en contra de la parte peticionaria. Por tanto, declaró que la petición de inhibición era improcedente en Derecho.

Inconforme, 3 de octubre de 2024, la parte peticionara presentó una solicitud de reconsideración. En esta, sostuvo que la Jueza Mercado tuvo acceso a información confidencial del Lcdo. Padilla, como parte del caso con alfanumérico DDP2015-0110. En específico, arguyó que el Lcdo. Padilla fue parte en el referido caso, mientras que la Jueza Mercado fungió como abogada de la parte adversa. A saber, indicó que el hecho de que la Jueza Mercado hubiese litigado en contra de la parte peticionaria era suficiente para que procediera la inhibición. Además, argumentó que la Jueza Mercado había tenido acceso a la totalidad del descubrimiento de prueba del referido caso, la cual incluía información confidencial del Lcdo. Padilla. Así, por entender que los hechos mencionados podrían arrojar dudas sobre la imparcialidad de la Jueza Mercado para adjudicar el caso de epígrafe, solicitó que reconsiderara ordenar su inhibición.

Luego de recibir la denegatoria a dicha solicitud de reconsideración, el 9 de diciembre de 2024, la parte peticionaria presentó ante este foro apelativo, una "Petición de *Certiorari"*, para que revisemos la *Resolución* del 18 de noviembre de 2024, y plantea los siguientes señalamientos de error:

(a) Erró el Honorable Tribunal al no Inhibir a la Honorable Juez Teresita Mercado Vizcarrondo por

existir un conflicto al haber sido abogada en un caso en el cual los Peticionarios-Demandantes eran partes y posteriormente, siendo esta Jueza, los Peticionarios-Demandantes son también parte.

(b)  Erró el Honorable Tribunal al no Inhibir a la Honorable Juez Teresita Mercado Vizcarrondo por existir un conflicto, debido a que la Honorable Juez tuvo en el pasado reciente, en calidad de abogada litigante en el caso DDP2015-0110, acceso a información de los Peticionarios-Demandantes, incluyendo, información médica, lo cual es razón prima facie para que proceda la inhibición.

(c) Erró el Honorable Tribunal al declarar "Sin Lugar" tanto la Moción en Solicitud de Inhibición y Traslado" y como la "Moción de Reconsideración a Solicitud de Inhibición y Traslado".

El 20 de diciembre de 2024, emitimos una *Resolución* donde ordenamos a la parte recurrida a presentar su posición en torno al presente recurso, en o antes del 9 de enero de 2025.

Transcurrido el término concedido, la parte recurrida no presentó su alegato. Habiéndose perfeccionado el recurso para su adjudicación, resolvemos.

## II.

El auto de *Certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el auto de

*Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de esta naturaleza. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008).  La referida regla dispone que son los siguientes:

1. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
2. Si la situación de hechos planteada es la más indicada para el análisis del problema.
3. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
4. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
5. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
6. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
7. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

### III.

Conforme el derecho aplicable, no encontramos razón por la que debamos intervenir en el presente caso. No se configura ninguna de las instancias contempladas en la Regla 52.1 de Procedimiento Civil, *supra,* y a la luz de los criterios establecidos en la Regla 40 de este tribunal, *supra,* que debemos evaluar, no encontramos justificación para intervenir.

El TPI declaró *Sin Lugar* la solicitud de recusación de la Jueza Mercado, por entender que las alegaciones hechas por la parte peticionaria constituían meras especulaciones. Dichas alegaciones incluían un pleito contemporáneo en donde la Jueza Mercado emitió una *Orden* indicando que el Lcdo. Padilla estaba atravesando por unos quebrantos de salud, luego del propio Lcdo. Padilla expresar eso mismo en el otro caso y un litigio previo de hace varios años, en donde la Jueza Mercado fue abogada de la parte adversa a la que representaba el abogado que ahora pretende su recusación. Tras evaluar las referidas alegaciones, el TPI sostuvo que no existía ápice de fundamento específico y concreto para colegir que la Jueza Mercado poseía una mente parcializada en contra de la parte peticionaria en el pleito de epígrafe. Estamos de acuerdo en que no procede la recusación solicitada.

Así las cosas, la determinación recurrida constituye una decisión dentro del claro ejercicio de discreción conferido a los tribunales de primera instancia y de su facultad de manejar los casos de la manera que entiendan más adecuada, conforme las normas de derecho aplicables y los hechos ante su consideración.

Además, concluimos que el TPI no actuó de forma arbitraria o caprichosa, ni se equivocó en la interpretación o aplicación de las normas procesales o de derecho al ejercer su poder discrecional de tomar las medidas protectoras que entendió necesarias, por lo que no se justifica nuestra intervención en este caso.

## IV.

Por lo fundamentos antes expuestos, **denegamos** la expedición del auto de *certiorari.*

Lo acordó el Tribunal y certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones